**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **No. 3:26-cr-273-BL-KFP** |
| **v.** | ) | |
| | ) | |
| **CAMERON TY'QUIZ SILMON** | ) | |

# MOTION TO DISMISS

The indictment charging Mr. Silmon with violating 26 U.S.C. § 5861(i) should be dismissed for three independent reasons. First, because the Department of Justice is enjoined from enforcing §§ 5842(b) and 5861(i) against members of certain Second Amendment advocacy groups, such as Mr. Silmon. Second, because § 5861(i) is a part of a tax law for which no tax is now authorized or collectable, so it exceeds Congress' enumerated powers and is thus unconstitutional. Third, because § 5861(i), and the statutory scheme it is a part of, infringes on the right to keep and bear arms without a historical analogue and thus violates the Second Amendment.

## FACTUAL BACKGROUND

On July 7, 2026, the Government filed a one count indictment against Mr. Silmon. ECF Dkt. No. 14. In that one count, the Government charged Mr. Silmon with having "knowingly received or possessed a firearm" on June 26, 2026, namely "a firearm silencer," as defined under 26 U.S.C. § 5845(a)(7) and 18 U.S.C. § 921, which was "not identified by a serial number as required by . . . 26 [U.S.C. §] 5842, all in violation of . . . 26 [U.S.C. §] 5861(i) and 5871." ECF Dkt. No. 14. These statutory provisions located in Title 26 of the United States Code are a part of the National Firearms Act.

Provisions of the NFA, including §§ 5842(b) and 5861(i) were ruled unconstitutional in *Silencer Shop Found. v. Bureau of Alcohol, Tobacco, Firearms, and Explosives*, __ F. Supp. 3d __, 2026 U.S. Dist. LEXIS 174125 (N.D. Tex. Aug. 5, 2026). There the court reasoned that because these NFA provisions apply to untaxed firearms, they exceed Congress' Article I enumerated powers and are thus unconstitutional. *Id*. Among other things, the court enjoined the ATF and DOJ, their bureaus, agents, and employees from enforcing §§ 5842(b) and 5861(i) against the "*Jensen* plaintiffs."[1] *Id*. at *92-93. The *Jensen* plaintiffs included the Citizens Committee For The Right To Keep And Bear Arms and the FPC Action Foundation. *Id*. at *14-15.

Mr. Silmon is a current member of the Citizens Committee For The Right To Keep And Bear Arms, the FPC Action Foundation, and the Gun Owners of America. *See* Defense Exhibits A, B, and C.[2]

---

[1] The court held that "the Bureau of Alcohol, Tobacco, Firearms and Explosives, the United States Department of Justice, Todd Blanche in his official capacity, Robert Cekada in his official capacity, their divisions, bureaus, agents, officers, commissioners, employees, and anyone acting in concert or participation with them, including their successors in office are permanently enjoined from enforcing the following additional challenged NFA provisions as to untaxed firearms against the *Jensen* plaintiffs and, where applicable, their members and customers: 26 U.S.C. § 5842(b); and 26 U.S.C. § 5861(i)." *Silencer Shop Found.*, 2026 U.S. Dist. LEXIS 174125, at *92-93. The court also held certain other provisions of the NFA unconstitutional and enjoined these same defendants associated with ATF and DOJ from enforcing those other provisions against several entities, including members of the Gun Owners of America.

[2] Mr. Silmon attaches printouts of emails confirming his contribution to and membership in the Citizens Committee For The Right To Keep And Bear Arms, the FPC Action Foundation, and the Gun Owners of America. *See* Defense Exhibits A, B, C. If the Government disputes Mr. Silmon's membership in these organizations, Mr. Silmon

## ARGUMENT

### I. The Government is enjoined from enforcing 26 U.S.C. §§ 5842(b) and 5861(i) against Mr. Silmon because he is a member of the Citizens Committee For The Right To Keep And Bear Arms and the FPC Action Foundation.

The indictment should be dismissed as it applies to Mr. Silmon because the injunction issued in *Silencer Shop Found.* prevents the Government[3] from enforcing the charged offense against members of certain organizations, such as Mr. Silmon. 2026 U.S. Dist. LEXIS 174125, at *92-93. Specifically, the *Silencer Shop Found.* injunction prevents DOJ from enforcing §§ 5842(b) and 5861(i) against the *Jensen* plaintiffs. 2026 U.S. Dist. LEXIS 174125, at *92-93. The *Jensen* plaintiffs include members of the Citizens Committee For The Right To Keep And Bear Arms and the FPC Action Foundation. *Id*. at *14-15. Mr. Silmon is a member of both of these organizations. *See* Defense Exhibits A and B. And the indictment charges Mr. Silmon with violating § 5861(i) by reference to § 5842. ECF Dkt. No. 14. Furthermore, the injunction remains in effect and has not been challenged on appeal, even though the court stayed the injunction for seven days to permit emergency appellate relief to be sought. *See* 2026 U.S. Dist. LEXIS 174125, at *93. This Court should therefore dismiss the indictment.

---

requests an evidentiary hearing to establish his membership.

[3] The Government refers to the ATF, DOJ, and their representatives, bureaus, agencies, and employees, as described in *Silencer Shop Found.*, 2026 U.S. Dist. LEXIS 174125, at *92-93. The indictment charging Mr. Silmon was brought by the United States Attorney's Office for the Middle District of Alabama, which is a part of DOJ and operates at the direction of the Attorney General. *See, e.g.*, 28 C.F.R. § 0.5.

## II. Because making, transferring, and possessing a silencer is no longer taxable, 26 U.S.C. § 5861(i) exceeds Congress' enumerated powers and is unconstitutional

Section 5861(i) is unconstitutional because it is no longer a valid exercise of Congress' power to tax.[4] A pillar of our system of government is that "the National Government possesses only limited powers; the States and the people retain the remainder." *NFIB v. Sebelius*, 567 U.S. 519, 533 (2012); U.S. Const. Amend. X ("The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people."). So, "[e]very law enacted by Congress must be based on one or more of its powers enumerated in the Constitution." *United States v. Morrison*, 529 U.S. 598, 607 (2000). One such power is the "Power To lay and collect Taxes." U.S. Const., Art.1, § 8.

This power to tax is the sole constitutional basis on which the NFA—of which § 5861(i) is a part—rests. The structure of the NFA supports this conclusion. For one thing, the statute is located in Title 26, which is the Internal Revenue Code. For another, the taxes collected under the statute go to the Treasury's general fund. *See* ATF, Fact Sheet – Facts and Figures for Fiscal Year 2025 (May 2026), https://www.atf.gov/resource-center/fact-sheet/facts-and-figures-fiscal-year-2025. These facts reflect that Congress enacted the NFA under its enumerated taxing power. *See NFIB*, 567 U.S. at 563-64.

---

[4] Mr. Silmon's arguments throughout this motion that 26 U.S.C. § 5861(i) is unconstitutional apply equally to 26 U.S.C. § 5842. The Court should therefore rule both provisions unconstitutional for the same reasons.

What is more, the Supreme Court upheld the NFA shortly after it was enacted explicitly because its "annual tax of $200 is productive of some revenue," and "[a]s it is not attended by an offensive regulation, and since it operates as a tax, it is within the national taxing power." *Sonzinsky v. United States*, 300 U.S. 506, 514 (1937) (internal citations omitted); *see Haynes v. United States*, 390 U.S. 85, 87 (1968) (referring to the NFA as "an interrelated statutory system for the taxation of certain classes of firearms").[5] But when the Supreme Court decided *Sonzinsky*, "the NFA possessed the key feature of any tax: It produced some revenue." *Silencer Shop Found.*, 2026 U.S. Dist. LEXIS 174125, at *4. "[T]hat is no longer true." *Id*. at *4-5. As part of the One Big Beautiful Bill, "Congress eliminated the NFA's transfer and making taxes for . . . silencers," effective January 1, 2026. *Id*. at *5; *see* 26 U.S.C. § 5821(a)(1)-(2) ("There shall be levied, collected,

[5] This is consistent with legislative history. National Firearms Act: Hearings Before the House Comm. on Ways and Means, 73d Cong., 2d Sess., 19 (1934) (Attorney General Homer Cummings, addressing a Second Amendment question, explained, "if we made a statute absolutely forbidding any human being to have a machine gun, you might say there is some constitutional question involved. But when you say 'We will tax the machine gun' and when you say that 'the absence of a license showing payment of the tax has been made indicates that a crime has been perpetrated', you are easily within the law"). This was reinforced when Congress "reenacted [the NFA] as Title II of the Gun Control Act of 1968" and "rejected a proposal"—to make possession of an NFA item unlawful for anyone under 21—"that would not have been based on the power to tax" because "'[i]t seems doubtful that the provision . . . can be justified under the taxing or commerce powers, or under any other power enumerated in the Constitution'" and "'could be construed as an usurpation of a (police) power reserved to the states by'" the Tenth Amendment. *United States v. Rock Island Armory, Inc.*, 773 F. Supp. 117, 122 (C.D. Ill. 1991) (quoting Federal Firearms Act: Hearings Before the Subcomm. to Investigate Juv. Delinquency, Judiciary Comm., U.S. Senate, 90th Cong., 1st Sess., 1088-89 (1967)).

and paid upon the making of a firearm a tax at the rate of—(1) $200 for each firearm made in the case of a machinegun or a destructive device, and (2) $0 for any firearm made which is not described in paragraph (1)."); 26 U.S.C. § 5845(a) (defining "firearm" to include "any silencer (as defined in section 921 of title 18, United States Code)"). As a result, "today's NFA does not generate any revenue from untaxed firearms," so "its regulatory provisions cannot be upheld under the taxing power." *Silencer Shop Found.*, 2026 U.S. Dist. LEXIS 174125, at *5.

Those regulatory provisions include § 5861(i) as it applies to a silencers, which are untaxed. And that provision is the basis for the sole charge against Mr. Silmon. *See* ECF Dkt. No. 14 ("[o]n or about June 26, 2026," he possessed "a firearm silencer meeting the definition of a silencer under 26 U.S.C. § 5845(a)(7) and 18 U.S.C. § 921, not identified by a serial number as required by Title 26, United States Code, Section 5842 . . . in violation of Title 26, United States Code, Sections 5861(i) and 5871"). Because such a charge cannot be justified by Congress' enumerated taxing power—the only basis for the NFA—it is unconstitutional. *See Silencer Shop Found.*, 2026 U.S. Dist. LEXIS 174125, at *5-6. The Court should therefore dismiss the indictment. *See Morrison*, 529 U.S. at 607.

This should be the end of the inquiry because "there is no sign in the NFA's text, structure, or statutory history that Congress invoked any other power in crafting the NFA provisions at issue." *Silencer Shop Found.*, 2026 U.S. Dist. LEXIS 174125, at *5. If the Government nevertheless argues that 26 U.S.C. 5861(i) is a constitutional exercise of another of Congress' enumerated powers, that argument would fail. For example, an

argument that this provision of the NFA is justified under Congress' Commerce Clause powers would ring hollow because Congress' authority under the Commerce Clause is limited to regulating three categories of commerce, none of which apply here: (1) the channels of interstate commerce; (2) the instrumentalities of interstate commerce; and (3) activities that substantially affect interstate commerce. *United States v. Lopez*, 514 U.S. 549, 558-559 (1995). The intrastate possession, making, and transfer of certain firearms in the NFA plainly does not regulate either of the first two categories. *Cf. id*. (holding that the Gun-Free School Zones Act "[wa]s not a regulation of the use of the channels of interstate commerce, nor [wa]s it an attempt to prohibit the interstate transportation of a commodity through the channels of commerce; nor c[ould it] be justified as a regulation by which Congress has sought to protect an instrumentality of interstate commerce or a thing in interstate commerce").

The NFA does not regulate activities that substantially affect interstate commerce either. Congress may regulate intrastate, noncommercial activity when that activity has a "substantial economic effect on interstate commerce." *Perez v. United States*, 402 U.S. 146, 152 (1971). But the mere making, transferring, and possessing of untaxed firearms does not affect interstate commerce, much less substantially. To hold otherwise would "convert congressional authority under the Commerce Clause to a general police power of the sort retained by the States." *Lopez*, 514 U.S. at 567. Moreover, Congress did not invoke its Commerce Clause powers in enacting the NFA. Section 5861(i) is thus not a constitutional exercise of those powers.

Nor is it a constitutional use of Congress' Necessary and Proper Clause power—the "last, best hope of those who defend ultra vires congressional action." *Printz v. United States*, 521 U.S. 898, 923 (1997); *see* U.S. Const. Art. I, § 8, cl. 18. If, for instance, the Government were to argue that the NFA provisions involving untaxed firearms are somehow necessary and proper to execute the valid taxing measures still in the NFA, that argument would founder. The Necessary and Proper Clause "is not itself a grant of power." *Kinselia v. United States ex rel. Singleton*, 361 U.S. 234, 247 (1960). It merely provides the "authority to enact provisions incidental to an enumerated power, and conducive to its beneficial exercise." *NFIB*, 567 U.S. at 559 (cleaned up). But the registration, reporting, and recordkeeping requirements, such as the serialization referred to in § 5861(i), can be neither necessary nor proper to collect a tax on silencers that is no longer due or collected. To rule otherwise would be to permit Congress to "use the Necessary and Proper Clause to exercise a plenary police power that the Constitution—by enumerating a set of limited powers for the federal government—reserves to the States." *Silencer Shop Found.*, 2026 U.S. Dist. LEXIS 174125, at *48-49 (citing *Morrison*, 529 U.S. at 618 & n.8).

If there were any remaining doubt about the constitutionality of § 5861(i), application of one of two additional principles will assuage it. The first is federalism. Permitting Congress to regulate intrastate conduct such as the making or possessing of a silencer without tethering that regulation to an enumerated power infringes on a state's capacity to select whether and how to punish conduct occurring solely within its borders. *See* U.S. Const. Amend. X. The Court should avoid violating the federalism at the heart of

our constitutional system of government and find the provisions in the NFA regarding untaxed firearms, including 5861(i), unconstitutional.

The second principle is the rule of lenity. The Supreme Court "instruct[s] that ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity." *Jones v. United States*, 529 U.S. 848, 858 (2000). This means "the tie must go to the defendant." *United States v. Santos*, 553 U.S. 507, 514 (2008). So, even if the Court does not fully agree with Mr. Silmon that the provisions of the NFA dealing with untaxed firearms, such as § 5861(i), are unconstitutional, the rule of lenity supports ruling in his favor. In sum, the Court should rule that § 5861(i) is unconstitutional because it exceeds Congress' enumerated powers and therefore dismiss the indictment issued against Mr. Silmon.

**III. Because § 5861(i) "regulates arms-bearing conduct" without a historical analogue, it violates the Second Amendment and is unconstitutional**

In addressing a Second Amendment challenge, this court must "beg[i]n by asking whether the restrictions imposed by the challenged law fall within the plain text of the Second Amendment." *Wolford v. Lopez*, 609 U.S. __, 146 S. Ct. 2032, 2047 (2026) (citing *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 17 (2022)). "[W]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." *Bruen*, 597 U.S. at 17.

The statute under which Mr. Silmon is charged is covered by the Second Amendment's plain text. First, it cannot be disputed that Mr. Silmon is among "the people"

covered by the Second Amendment. Second, "[s]ilencers are 'Arms.'" *United States v. Comeaux*, 179 F.4th 297, 301 (5th Cir. 2026);[6] *see also* 26 U.S.C. § 5845(a) (defining a silencer as a "firearm"). Finally, the NFA "regulates arms-bearing conduct," *United States v. Rahimi*, 602 U.S. 680, 691 (2024), because it criminalizes the unregistered transfer and possession of a silencer. Thus, it is presumptively unconstitutional unless, at *Bruen*'s second step, the Government can establish the existence of historical analogues from 1791.[7] *See Wolford*, 146 S. Ct. at 2053 ("a lone statute adopted nearly a century after the adoption of the Second Amendment . . . sheds little if any light on the meaning of the Second Amendment right"); *id.* at 2058 n.7 (Barrett, J., concurring) ("The Court has consistently reserved whether the relevant timeframe for assessing the Second Amendment's original meaning, *as applied to the States*, is 1791 or 1868.") (emphasis added) (citing *United States v. Hemani*, 608 U.S. __, 146 S. Ct. 1677, 1687 n.3 (2026)).

In determining whether a cited analogue justifies the current infringement, this "court must ascertain whether the new law is 'relevantly similar' to laws that our tradition is understood to permit." *Rahimi*, 602 U.S. at 692 (citation omitted). "Why and how the regulation burdens the right are central to this inquiry," and "if laws at the founding regulated firearm use to address particular problems, that will be a strong indicator that

---

[6] Neither the Supreme Court nor the Eleventh Circuit has decided whether silencers are arms. *See United States v. Schieferle*, 2024 U.S. App. LEXIS 10544 (11th Cir. May 1, 2024).

[7] Mr. Silmon maintains that, for federal laws, the cut-off should be 1791 because incorporation is not required for the Second Amendment to apply against federal action.

contemporary laws imposing similar restrictions for similar reasons fall within a permissible category of regulations." *Id.* (citation omitted). However, "[e]ven when a law regulates arms-bearing for a permissible reason, . . . it may not be compatible with the right if it does so to an extent beyond what was done at the founding." *Id.*

Although the Government bears the burden of providing analogues to overcome the presumption of unconstitutionality, Mr. Silmon asserts it will be unlikely to succeed in doing so. *See* Decl. of Clayton Cramer in Resp. to Decl. of Defendant's Expert Witnesses, *Rhode v. Bonta*, No. 3:18-cv-802 (S.D. Cal. Oct. 2, 2023), ECF No. 95-1 at 6 (noting none of the defendants' expert's laws in the category of "Seller Registers Buyer" "predate 1868"), 7 (addressing defendants' experts "Reg Tax" category and noting, "Spitzer's collection of laws here includes an 1867 Alabama tax on pistols and Bowie knives, and a very similar 1867 Washington Co., Mississippi ordinance," both of which "were adopted in the immediate aftermath of emancipation" and noting "examples both before and after the Fourteenth Amendment came from states with a tradition of slavery that were trying to keep their black populations subservient with Jim Crow laws").[8] Unless the Government can find historical analogues to establish a taxation and registration scheme on firearms was widely accepted in 1791, this Court should dismiss the indictment.

[8] The Jim Crow context is relevant because, in *Wolford*, the Court rejected an analogue precisely because "[i]t was adopted by the Louisiana Legislature between the end of the Civil War and the beginning of Reconstruction" which rendered it "a tainted artifact" that "cannot be taken seriously" in assessing "the original understanding of the right to keep and bear arms." *Wolford*, 146 S. Ct. at 2053.

**CONCLUSION**

Because the Government is enjoined from enforcing 26 U.S.C. §§ 5861(i) and 5842(b) against Mr. Silmon, or because the crime charged exceeds Congress' enumerated powers, or because the crime charged violates the Second Amendment, the indictment should be dismissed.

Respectfully submitted,

*/s/Robert P. Coleman III*

**Robert P. Coleman III**
Assistant Federal Defender
817 South Court Street
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: robert_coleman@fd.org
Bar ID Nos. NY4875720
MD 2208150005

**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **No. 3:26-cr-273-BL-KFP** |
| **v.** | ) | |
| | ) | |
| **CAMERON TY'QUIZ SILMON** | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Respectfully submitted,

*/s/Robert P. Coleman III*
**Robert P. Coleman III**
Assistant Federal Defender
817 South Court Street
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: robert_coleman@fd.org
Bar ID Nos. NY4875720
MD 2208150005