IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:26-cr-000273-BL-KFP |
| | ) | |
| CAMERON TY'QUIZ SILMON | ) | |

**MOTION TO DISMISS INDICTMENT WITH LEAVE OF COURT**

The United States of America moves this Court, pursuant to Federal Rule of Criminal Procedure 48(a), for leave to dismiss the indictment charging Cameron Ty'quiz Silmon with Possession of a Firearm Without a Serial Number, a violation of 26 U.S.C. § 5861. In support of this motion, the Government states as follows:

1. On June 30, 2026, the United States filed a Criminal Complaint against Silmon alleging that he had violated 26 U.S.C. § 5861(i); Chief United States Magistrate Judge Stephen M. Doyle signed the Criminal Complaint.

2. On July 7, 2026, a Middle District of Alabama grand jury indicted Silmon for having "knowingly received or possessed a firearm, to wit: a firearm silencer meeting the definition of a silencer under 26 U.S.C. § 5845(a)(7) and 18 U.S.C. § 921, not identified by a serial number as required by Title 26, United States Code, Section 5842, all in violation of Title 26, United States Code, Sections 5861(i) and 5871." Doc. 1.

3. On August 17, 2026, Silmon moved to dismiss the indictment, arguing that a District Court's decision in the Northern District of Texas that was issued *after* he was indicted bars the United States from prosecuting him. Silmon's position is that plaintiffs in that Northern District of Texas case included different gun-rights organizations and that the injunction issued in that case bared "the ATF and DOJ … from enforcing §§ 5842 and 5861(i) against the '*Jensen*

plaintiffs.'" Doc. 28 at 2. And, Silmon says, because he joined those organizations *after* the Northern District of Texas rendered its decision, the United States cannot prosecute him.

4. The United States disagrees with Silmon's position that a District Judge in the Northern District of Texas has the power to stop the United States Attorney in Middle District of Alabama from enforcing the criminal laws of the United States, *see Trump v. CASA, Inc.*, 606 U.S. 831 (2025), and, even so, it disagrees with Silmon's position that a person who joins a class of plaintiffs *after* an injunction issues falls within the scope of that injunction's protection. But further developments in this case necessitate the United States' motion to dismiss the pending indictment.

5. After Silmon was indicted and while this case was pending, the United States continued its investigation and discovered that Silmon committed another federal crime, which is the subject of a new Criminal Complaint against Silmon. Based on the new complaint, the United States has determined that further prosecution of this matter is no longer warranted.

So, in the interest of justice and the proper administration of criminal enforcement, the United States requests that this Court grant the United States leave to dismiss the pending indictment against Silmon without prejudice under Fed. R. Crim. P. Rule 48(a) and deny Silmon's pending motion to dismiss as moot.

Respectfully submitted this 8th day of September, 2026.

THOMAS GOVAN
UNITED STATES ATTORNEY

*/s/Bren McMaken*
Bren McMaken
Assistant United States Attorney
131 Clayton Street
Montgomery, AL 36104
E-mail: bren.mcmaken@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:26-cr-000273-BL-KFP |
| | ) | |
| CAMERON TY'QUIZ SILMON | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

Respectfully submitted,

*/s/Bren McMaken*

Bren McMaken
Assistant United States Attorney
131 Clayton Street
Montgomery, AL 36104
E-mail: bren.mcmaken@usdoj.gov